| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NOS. 5:03-CR-50033-05 |
| | 5:16-CV-01005 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANTHONY R. GENTRY (05) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #481],

pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Anthony R. Gentry (05). For the

following reasons, the motion is **DENIED**.

## BACKGROUND

On March 27, 2003, a federal grand jury in the Western District of Louisiana returned a

four-count indictment, charging Defendant Gentry and his five co-defendants with the following

four counts: conspiracy, in violation of 18 U.S.C. § 924(o) (Count 1); bank robbery by threat of

force, violence, and intimidation, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2 (Count 2);

use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii)(iii),

and 2 (Count 3); and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), and 2

(Count 4). [Doc. #61]. On July 16, 2003, Defendant Gentry pled guilty to Counts 2 and 3. [Docs.

##105, 106, 108]. In support thereof, he stipulated to the following factual basis:

> On March 13, 2003, at approximately 9:30 a.m., two Intertrust Armored Car
> Service guards, Kasey McCann and Donald Rushing, were robbed at gunpoint of
> over $700,000 cash as they were making a delivery at the Hibernia Bank, 6161
> Greenwood Rd., Shreveport, LA. Approximately $700,000 of this cash belong to
> and was the property of Hibernia National Bank, and approximately $80,000 of

this cash belonged to and was the property of Bank One, N.A., both of which banks were insured by the Federal Deposit Insurance Corporation.

As the guards parked and exited their armored car on the parking lot of the bank, a Suburban pulled in behind them. Four white males exited the Suburban, one armed with an AK-47 type military assault rifle and the others with semi-automatic handguns. The robbers wore ski masks and gloves. The robbers ordered the guards to the ground at gunpoint. The co-defendant, Larry N. Thompson, Sr., was the driver of the Suburban. He remained in the driver's seat as the other robbers handcuffed the guards and then emptied the armored car of cash. The robbers loaded the money into duffle bags, and then put the bags into the Suburban. The robbers then got back into the Suburban and they drove away north on Pines Road.

Besides Larry N. Thompson, Sr., the driver, the other four armed robbers were Regan Gatti, Nicholas B. Gentry, Tung Nguyen, and this defendant, Anthony R. Gentry.

The robbers drove to an apartment complex off of Pines Road, and drove around to the rear parking lot of the complex. A green van driven by Larry Neal Thompson, Jr. met them at that parking lot. The robbers switched from the Suburban to the van with the bags of cash in order to make their escape. Larry Neal Thompson, Jr. and other robbers doused the Suburban with a gas can containing flammable gasoline in order to burn it. However, they decided to flee in the van, leaving the gas can in the Suburban, with Larry Neal Thompson, Jr. driving the getaway van.

Within minutes, a Shreveport Police Officer in a marked police vehicle observed the robbers in the van driving eastbound on I-220 heading toward Bossier City. That officer gave chase. As the robbers were being chased on I-220, Regan Gatti knocked out the rear window of the van, and fired numerous 7.62x39 caliber ammunition at the police officer, using a semi-automatic assault rifle. At least 5 of these bullets hit the Shreveport Police Officer's vehicle, and one of these bullets struck the officer in the left arm after penetrating the vehicle's front window, wounding that officer. Bossier City Police officers joined in the chase as the robbers drove into Bossier City to Green Acres subdivision.

The van, being driven by Larry Neal Thompson, Jr., drove into an open garage of a residence on N. Melrose St., and the robbers all got out of the van and attempted to enter the residence. When they could not, they ran from that garage through the neighborhood. Several of them entered other houses, trying to hide. Five of the robbers were captured by the police in that neighborhood, including this defendant, Anthony R. Gentry, who was caught as he was on a nearby street. []

The police recovered the cash stolen from the guards, ski masks and weapons used by the robbers. These weapons were a Romarm/Cugir, model SAR-1,

7.62x39 caliber semi-automatic assault rifle, serial number S1-35693-2001; a Hesse, model 47, 7.62x39 caliber semi-automatic assault rifle, serial number 2065; and four semi-automatic handguns. These weapons were used and brandished during the armed bank robbery and at least one of the assault rifles and several of the handguns were discharged during the attempt to flee after the armed bank robbery.

This defendant, Anthony R. Gentry, by signing this Factual Basis for Guilty Plea, admits that the other robbers who participated in the armed bank robbery using the firearms described above are: Larry N. Thompson, Sr., Larry Neal Thompson, Jr.; Regan Gatti; Nicholas B. Gentry; and Tung Nguyen, also known as Tung Nguyn; and he further states that all of them knowingly and intentionally participated in the planning and execution of the armed bank robbery using firearms, and that they intended to share in the money that was stolen.

[Doc. #108].

A presentence investigation report (PSR) was prepared on October 6, 2003, and revised on December 1, 2003. Pursuant to the United States Sentencing Guidelines (U.S.S.G) Manual effective November 1, 2002, the PSR determined that the base offense level was 20, as provided in U.S.S.G. § 2B3.1, for the Count 2 violation of 18 U.S.C. §§ 2113(a) and (d), and 2. Specific offense characteristics were assessed, resulting in the following increases to the offense level: two levels because cash was taken from a financial institution (U.S.S.G. § 2B3.1(b)(1)); six levels because of the permanent bodily injury suffered by a Shreveport Police Officer during the chase (U.S.S.G. § 2B3.1(b)(3)(C)); two levels because the armored car guards were ordered to the ground at gunpoint and at least one was handcuffed (U.S.S.G. § 2B3.1(b)(4)(B)); and four levels because the total amount of loss was determined to be at least $822,753.25 (U.S.S.G. § 2B3.1(b)(7)(E)).[1] Defendant Gentry also received a three level increase due to one victim being a Shreveport Police Officer; a two level increase for causing reckless endangerment during flight;

---

[1] On direct appeal, the Fifth Circuit vacated Defendant Gentry's sentence and remanded for re-sentencing, having found that this Court erred in considering the worker's compensation payments, medical expenses, and other costs associated with the injuries suffered by a police officer. [see Doc. #246 (Fifth Circuit's opinion); Doc. #257 (amended judgment)].

and a three level downward adjustment for acceptance of responsibility. Defendant Gentry's total offense level as to Count 2 was thus 36.[2] He fell in criminal history category II which, under the effective guidelines, resulted in an imprisonment range of 210-262 months.

On February 12, 2004, this Court sentenced Defendant Gentry to a term of imprisonment of 240 months, as to Count 2, followed by a consecutive term of imprisonment of 120 months as to Count 3, after which Defendant Gentry was ordered to be on supervised release for terms of 5 and 3 years, as to Counts 2 and 3 respectively, with said terms to run concurrently. [Doc. #193]. The Court also ordered restitution in the amount of $25,753.25. *Id.* On direct appeal, the sentence was vacated and remanded due to error in the loss calculation. [Doc. #246].[3] On February 24, 2005, following an intervening decision in *United States v. Booker,* 543 U.S. 220 (2005), this Court again imposed a 240-month sentence of imprisonment as to Count 2, which was above the then-applicable guideline range. Defendant Gentry appealed the sentence imposed on remand, and the Fifth Circuit affirmed, noting:

> At resentencing, the district court stated that it had considered the Sentencing Guidelines and everything in the probation officer's report, which detailed Gentry's history and characteristics. The district court also indicated that it had considered the seriousness of Gentry's conduct, which contributed to the injury to a police officer, the harm to the community, and the sentences imposed on Gentry's co-defendants.

> The record does not support Gentry's contention that the district court failed to give adequate consideration to his role in the offense, his history, and his characteristics. The district court carefully considered the sentencing factors and articulated "permissible reasons for its variance" from the guideline range.

[Doc. #342].[4] The petition for certiorari was denied. [Doc. #358].

---

[2] The PSR explains that the base offense level for Count 3 was the mandatory statutory sentence of 120 months, to run consecutive to the sentence on Count 2. *See* U.S.S.G. § 2K2.4(a) and 18 U.S.C. 924(c)(1)(A)(iii).
[3] *United States v. Gentry*, 118 F. App'x 820, 821 (5th Cir. 2004).
[4] *United States v. Gentry*, 178 F. App'x 435, 436 (5th Cir. 2006).

The instant motion is Defendant Gentry's first § 2255 motion, filed on July 7, 2016,[5] and

purports to rely upon the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___,

135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act of

1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness

doctrine. In *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016), the Supreme Court

established that *Johnson* is a substantive decision that is retroactive in cases on collateral review.

As to Count 3, Defendant Gentry stands convicted of using, carrying and possessing a firearm

during and in relation to a crime of violence, namely, the bank robbery underlying his conviction

as to Count 2. In the instant motion, Defendant Gentry relies on *Johnson* to argue that bank

robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), "categorically fails to qualify as a crime of

violence within the meaning of 18 U.S.C. § 924(c)(3)(A) and (B), and the residual clause of §

924(c)(3)(B), is unconstitutionally vague[.]" [Doc. #481-2, p. 2].[6] He therefore requests that this

Court vacate his "consecutive 120 month term of imprisonment . . . due to Bank Robbery no

longer qualif[ying] as a predicate offense of a 'crime of violence.'" *Id.* at p. 15.

## LAW & ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence

imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution

or laws of the United States[;]" (2) "the court was without jurisdiction to impose such

sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the

---

[5] Although Defendant Gentry's motion was not filed until July 7, 2016, he represents that the motion was signed on June 22, 2016 and placed in the prison mailing system on June 23, 2016. [Doc. #481, p. 13]. Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

[6] Defendant Gentry also analogizes 18 U.S.C. § 16; however, any such arguments are foreclosed by Fifth Circuit precedent, finding that § 16's statutory definition of "crime of violence" is neither unconstitutionally vague on its face nor as applied therein. *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016), *petition for cert. filed* (U.S. Sept. 30, 2016) (No. 16-6259).

sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). Defendant Gentry is proceeding under 28 U.S.C. § 2255(f)(3), pursuant to which the 1-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). As explained, the instant motion purports to rely upon the Supreme Court's June 26, 2015, decision in *Johnson*, made retroactive in *Welch*; however, Defendant Gentry's reliance is misplaced, as the right he now asserts was not in fact recognized by the Supreme Court. Thus, under the plain language of § 2255(f)(3), Defendant Gentry has failed to show entitlement thereto, and he has likewise failed to show "rare and exceptional circumstances," which might allow for equitable tolling. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). His motion is therefore untimely, because *Johnson* did not recognize the right he now asserts.

*Welch* explained that the ACCA defines "violent felony" as

any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Welch*, 136 S.Ct. at 1261 (quoting 18 U.S.C. § 924(e)(2)(B)). "Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause." *Id.* (citing *Johnson*, 135 S.Ct. at 2555–2556). Importantly, *Johnson* invalidated the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), and explicitly did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson,* 135 S.Ct. at 2563. Based on that limitation, *Welch* left open the possibility that, on remand, Welch's conviction may still qualify "as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15–year sentence regardless of *Johnson*." 136 S.Ct. at 1268. Defendant Gentry's motion fails to recognize the distinction between the two clauses, *Johnson*'s relative effects, and the applicability and/or lack thereof to the instant case.

As to the elements clause, the definitions of "violent felony" under the ACCA and "crime of violence" under § 924(c) are identical and encompass any offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(i).

Here, Defendant Gentry was convicted of violating 18 U.S.C. § 924(c)(1)(A)(iii), by aiding and abetting the discharge of a firearm, during and in relation to a crime of violence, namely, bank robbery, which was specifically alleged in Count 2, to be "by threat of force, violence and intimidation," in violation of 18 U.S.C. § 2113(a). [*see* Doc. #61 (indictment); Doc. #257 (amended judgment); Doc. #246, p. 5 (Fifth Circuit affirming "Gentry's 10-year sentence

on this count because it is evident from the record that Gentry aided and abetted a violation of 18 U.S.C. § 924(c)(1)(A)(iii).")]. Section 2113(a) describes two separate crimes, as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . .; or

> Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . or building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Defendant Gentry was charged with violating the first paragraph.

"In order to prove a violation of 18 U.S.C. § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank[.]" *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (quoting *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994)). Based on the elements of the relevant offense of conviction, Defendant Gentry was charged with and convicted of a "crime of violence" under § 924(c)(3)(A). Because § 924(c)(3)(A) applies to Defendant Gentry's conviction for bank robbery under § 2113(a), and § 924(c)(3)(A) was not rendered invalid under *Johnson*, Defendant Gentry's conviction is likewise unaffected by *Johnson. See Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam); *see also United States v. McNeal*, 818 F.3d 141, 152 n.8 (4th Cir. 2016) ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague.").

Accordingly, Defendant Gentry's motion is time-barred for the same reasons that it would otherwise be found to lack merit.

**CONCLUSION**

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence [Doc. #481], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Anthony R. Gentry (05) is hereby **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for failure to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of April, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE