UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 5:03-50033-05 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ANTHONY GENTRY | MAG. JUDGE MARK L. HORNSBY |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Anthony Gentry's ("Gentry") "Motion for Reconsideration to Pleadings for Emergency Early Release Due to the Covid-19 Pandemic" [Doc. No. 529].

On April 22, 2020, Gentry filed a motion styled, "Emergency Motion to Effect Early Release 18 Title U.S.C. §§ 3582(c)(1)(A)(i) and (c)(1)(B)" [Doc. No. 522]. Given the issues raised and the known threat from the Covid-19 pandemic, the Court ordered the United States to file a response no later than May 4, 2020. [Doc. No. 524]. The United States complied with that directive and filed its opposition [Doc. No. 527] on May 4, 2020.

The United States contended that, to the extent that Gentry seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), because he has not exhausted his administrative remedies, this Court must dismiss that motion for lack of jurisdiction. The United States contended, alternatively, that, to the extent that Gentry seeks release to home confinement, the motion must again be dismissed for lack of jurisdiction, because a decision on whether to release an inmate to home confinement falls within the exclusive purview of the Bureau of Prisons ("BOP"). The United

States asserted that, as of May 4, 2020, Gentry had not sought relief through BOP administrative channels as required for release under either avenue. [Doc. No. 527, p.3].

The Court agreed with the arguments asserted by the United States, and found that, whether construed as a motion for compassionate release or a motion seeking release to home confinement, the Court was without jurisdiction to grant Gentry the relief he seeks. The Court, therefore, on May 5, 2020, denied Gentry's motion, subject to re-urging if Gentry exhausts his administrative remedies as set forth in the statute. [Doc. No. 528].

On May 20, 2020, Gentry filed the pending motion seeking a reconsideration, and, asserting that he had exhausted his administrative remedies because he had given to an assistant warden a document titled "Inmate Request to Staff," dated April 2, 2020 [Doc. No. 529-1], and he had received no response.

However, simultaneous to the filing of the pending motion, Gentry filed a Notice of Appeal of the Court's May 5, 2020 Ruling [Doc. No. 530]. As a general rule, a district court is divested of jurisdiction immediately and automatically upon the filing of a notice of appeal with respect to any matters involved in the appeal. *Alice L v. Dusek,* 492 F.3d 563, 564–65 (5th Cir.2007) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). Therefore, this Court has no jurisdiction to rule on Gentry's motion seeking a reconsideration. Accordingly,

**IT IS ORDERED** that Gentry's "Motion for Reconsideration to Pleadings for Emergency Early Release Due to the Covid-19 Pandemic" [Doc. No. 529] is **DENIED** for lack of jurisdiction.[1]

---

[1] Assuming *arguendo* this Court had jurisdiction to consider Gentry's motion, it would require the United States to file a response.

.

MONROE, LOUISIANA, this 21st day of May, 2020.

                                            TERRY A. DOUGHTY
                                      UNITED STATES DISTRICT JUDGE