**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  5:03-CR-50033-05** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANTHONY R. GENTRY 05** | **MAG. JUDGE MARK L. HORNSBY** |

**MEMORANDUM ORDER**

Pending before this Court is a *pro se* Motion for Compassionate Release [Doc. No. 541] filed by Defendant Anthony R. Gentry ("Gentry") on March 11, 2022. Gentry is currently serving a 360-month term of incarceration. He moves the Court for compassionate release due to COVID-19 risk factors. The United States of America ("the Government") filed a Response in Opposition to Defendant's Motion for Compassionate Release [Doc. No. 545] on April 8, 2022.

For the reasons set forth herein, Gentry's Motion for Compassionate Release is DENIED.

I.      **Background**

On July 16, 2003, Gentry pled guilty to aggravated bank robbery and the use of a firearm in furtherance of a crime of violence. [Doc. Nos. 105, 106]. On February 24, 2005, Gentry was sentenced to a 240-month term as to Count 2 (robbery) and 120-month term of imprisonment as to Count 3 (the use of a firearm). [Doc. Nos. 256, 257]. These terms of imprisonment were to run consecutively. [Id]  At this time, Gentry has served a little over twelve years of his thirty-year sentence, and he has a release date in 2035. [Doc. No. 541-1, at 12].

On March 2, 2005, Gentry filed a Notice of Appeal. [Doc. No. 261]. On May 31, 2006, the United States Court of Appeals for the Fifth Circuit's May 5, 2006 Judgment [Doc No. 342] affirming this Court's sentence was filed.

On April 22, 2020, Gentry filed a motion for compassionate release [Doc. No. 522], which was denied by this court on May 5, 2020, because he had not exhausted his administrative remedies.  [Doc. No. 528].

On December 29, 2021, Gentry sent a request for compassionate release to the warden for the Federal Correctional Institution, Oakdale I ("Oakdale I") in Oakdale, Louisiana. [Doc. No. 545-1]. That request was subsequently denied on February 4, 2022. [Doc No. 545-2].

In 2021, Gentry received two doses of the Pfizer-BioNTech COVID-19 vaccine. [Doc. No. 546-2] Subsequently in 2022, Gentry received one dose of the Moderna COVID-19 vaccine as a booster. [Id.]

In his Motion for Compassionate release, Gentry argues that he should be released because he has certain medical conditions, including hepatitis C, asthma, "lung spots," and a BMI over 30. Gentry argues that he would receive better care of these conditions if he were released from prison.

The Government argues in its Opposition that Gentry's motion should be denied because he has received two doses and a booster of the COVID-19 vaccine, he has not shown an "extraordinary and compelling reason" for release, and because the Section 3553(a) factors weigh against any reduction in sentence.

Additionally, the Government argues that the other concerns raised in Gentry's motion are not proper in a motion for compassionate release.

The issues have been briefed, and the Court is prepared to issue a ruling.

## II.    Law and Analysis

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), allows prisoners to directly petition courts for compassionate release [Doc. No. 143]. Before filing a motion with the court, prisoners must

exhaust their administrative remedies with the Bureau of Prisons ("BOP"). This requirement is jurisdictional. *See United States v. Garcia*, 607 F.3d 209 (5th Cir. 2010).

The Government concedes that Gentry has exhausted his administrative remedies. Because Gentry has exhausted his administrative remedies, this Court has jurisdiction to proceed with his motion. A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Gentry again moves to modify her sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the director of the BOP could file these kinds of compassionate release motions. The First Step Act was signed by President Trump and passed by Congress in 2018. 18 U.S.C. § 3582(c)(1)(A). This Act allows prisoners to directly petition courts for compassionate release after they have exhausted their administrative remedies.

Upon a finding that the prisoner has exhausted his administrative remedies, the district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

## A.  Extraordinary and Compelling Circumstances

The Sentencing Commission's Policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –

(1)      extraordinary and compelling reasons warrant the reduction;

(2)      the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)      the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)      **Medical Condition of the Defendant.—**

(i)      The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)      The defendant is—

(I)      suffering from a serious physical or medical condition,

(II)      suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)      **Age of the Defendant.—**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)      **Family Circumstances. —**

4

> (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)     **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. cmt. n. 1.

In *United States v. Shakambi*, 993 F.3d 388, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on a motion filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582 and "[t]he district court…is bound only by § 3582(c)(1)(A) and, as always, the sentencing factors in § 3553(a). *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render § 151.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to…§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("the substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."; *United States v. Aruda*, 2021 WL 1307884, at *4

(9th Cir. Apr. 8, 2021) (Citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motion s filed by a defendant, but they are not binding").

The Defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 12 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EO-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.')(Citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 201900; *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828 at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

### B.  Analysis

In his motion, Gentry asserts that he has several medical conditions such as asthma, a high BMI, lung spots, and hepatitis C. [Doc. No. 541]. Although he does not state that these are extraordinary and compelling reasons meeting his burden under 18 U.S.C. § 3582 (c)(1)(A) to modify his prison sentence, this Court will examine them as such.

Title 18 United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." Gentry does not suffer from a terminal illness. He is not suffering from serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id.* at cmt. n.1(a)(ii)(I-III).

Although Gentry does suffer from medical and physical conditions such as hepatitis C., asthma, "lung spots," and a BMI over 30, he fails to show that his current conditions are sufficiently severe to diminish his ability to provide self-care. *See United States v. Mazur*, Crim. 435 F.Supp.3d 599, 2020 WL 2113613, at 1, 3-4 (E.D. La. May 4, 2020). According to his medical records, his conditions are being treated and managed. [Doc. Nos. 546-3, 546-4, 546-5, 546-6]. According to two self-care assessments done by the BOP, Gentry was evaluated as being able to provide the maximum level of self-care possible based on the parameters of the tests.

In addressing Gentry's COVID-19 concerns, the government attached a copy of Gentry's medical records [Doc. No. 546-2], which show that he has received two initial doses of the COVID-19 vaccine as well as a booster. According to the Centers for Disease Control and Prevention, the vaccines are highly effective at preventing COVID-19 and/or keeping a person from becoming seriously ill even if they do contract COVID-19. Additionally, the Fifth circuit has held that general fear of contracting COVID-19 while in prison is not an "extraordinary and compelling reason" warranting relief. *United States v. Thompson*, 984 F.3d 431 (5th Cir. 2021). *See also*, *United States v. right*, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

Because Gentry's medical conditions are well controlled and treated and because he is able to provide a high level of self-care while in prison, there is no extraordinary and compelling reason supporting compassionate release.

To the extent that Gentry is asserting an issue with the quality of medical care he has received while in BOP custody or to the precautions the BOP has taken to combat the virus during

the pandemic, such allegations cannot be addressed in this compassionate release motion under §
3582(c)(1)(A). Gentry must file a *Bivens* lawsuit after exhausting his administrative remedies. See
*Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007).

### C.  Danger to the community

Had an extraordinary or compelling reason been found which met the burden required, this
Court must still consider whether Gentry remains a danger to the community, as required by
U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C § 3142(g). Furthermore, 18 U.S.C. § 3582 and the
policy statement require the court to consider the sentencing factors set forth in 18 U.S.C. §
3553(a).

Gentry must establish that he would not be a danger to the community, if released. In his
motion, Gentry maintains that he has served over 48% of his term of imprisonment, has obtained
a GED along with other courses, and is a changed man. He also indicates, if released he will reside
with his elderly parents and that he has potential employment. [Doc. No. 541].

Section 3142(g) sets out the factors courts must consider in deciding whether to release a
defendant pending trial. The factors weighing in a petitioner's danger to the community include
"the nature and circumstances of the offense charged," "the history and characteristics of the
person," including "the person's character, physical and mental condition, family ties, …
community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history,"
and "the nature and seriousness of the danger to any person or the community that would be posed
by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially
imposing a sentence, requires the Court to consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the
>     defendant; [and]
> (2) The need for the sentence imposed-

> A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> B. To afford adequate deterrence to criminal conduct; [and]
> C. To protect the public from further crimes of the defendant.

The court must consider all pertinent circumstances, including the § 3553(a) factors and possible danger to the community. 18 U.S.C. § 3582(c)(1)(A).

Gentry has not demonstrated he will not pose a danger to the community if he were released or that his release comports with the applicable § 3553(a) factors. Gentry's underlying conviction indicates he will pose a danger to the community.

Gentry's underlying conviction is for bank robbery and use of a firearm in furtherance of a crime of violence. The crime spree that Gentry was a part of left a police officer in the hospital and included nearly a million dollars in cash stolen at gunpoint. Based on this, it is likely he would pose a danger to the community if released.

Finally, Gentry has only served a fraction of his thirty-year sentence. At the time he requested compassionate release, he had served approximately forty-one percent of his full sentence. This Court does not believe Gentry has served enough of his sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

## III.    Conclusion

For the above and foregoing reasons, **IT IS ORDERED** that the Motion for Compassionate Release [Doc. No. 541] filed by Anthony R. Gentry is **DENIED**.

MONROE, LOUISIANA, this 13 day of April 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

9